817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MASSEY-FERGUSON CREDIT CORPORATION, Plaintiff,
v.
Wanda WEBBER, Defendant and Third Party Plaintiff,
v.
CAPITOL FUNDS, INC., d/b/a Southridge Tractor and Equipment
Company, Massey-Ferguson, Inc., Third Party Defendant.
MASSEY-FERGUSON CREDIT CORPORATION, Plaintiff,
v.
Wanda WEBBER, Defendant and Third Party Plaintiff,
v.
MASSEY-FERGUSON, INC., Third Party Defendant,
Capitol Funds, Inc., d/b/a Southridge Tractor and Equipment
Company, Third Party Defendant.
 Nos. 86-1615, 86-1624.
 United States Court of Appeals, Fourth Circuit.
 Argued April 6, 1987.
Decided April 24, 1987.
 
 Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 William E. Lamb, Jr. (Daniel J. Clifton, Lamb Law Offices, on brief), for appellant.
 Daniel Gray Clodfelter (Moore, Van Allen, Allen & Thigpen, on brief), for appellee.
 PER CURIAM:
 
 
 1
 This action began with the filing of a complaint by the plaintiff, Massey-Ferguson Credit Corporation (hereafter "Credit Corporation"), against the defendant Wanda Webber (hereafter "Webber"), to recover the unpaid balance of the purchase price of a Massey-Ferguson 540 combine, grain table, reel, and reel drive. Webber answered and counterclaimed against Credit Corporation. At the same time Webber filed a third-party complaint against Massey-Ferguson, Inc. (hereafter "Massey-Ferguson"), the manufacturer of the combine. The third-party complaint alleged breach of express and implied warranties and sought damages for such breach.
 
 
 2
 On April 3, 1985, the district court stated orally that it would grant summary judgment in favor of Credit Corporation, but did not at that time enter an order of judgment. The case proceeded to trial on the third-party complaint. Three trials of this issue of breach of warranty were had. The defendant Webber prevailed and obtained a verdict in her favor on her third-party complaint in each of the trials. The district court set aside the damage award made by the jury in the first two trials because it found the amount of damages awarded greater than that warranted under the evidence. At the third trial, the jury returned a verdict in favor of Webber in the amount of $15,000. This award was sustained by the trial court and on June 4, 1986, judgment was entered in favor of Webber against Massey-Ferguson in the sum of $15,000.
 
 
 3
 Webber filed notice of appeal on June 16, 1986, and Massey-Ferguson cross-appealed on June 27, 1986. Later, on July 14, 1986, the district court entered an order formalizing its earlier oral ruling and granting judgment to Credit Corporation in the amount of $39,861.25, the unpaid balance of the purchase price of the farm equipment. No appeal was taken from this final judgment resolving the final issue in the case.
 
 
 4
 It is obvious from this recitation of the proceedings that there was no final judgment completely dispositive of the issues in the case until the entry of the judgment on July 14, 1986. Until that date any prior notice of appeal was premature. After the entry of the final order on July 14, 1986, however, the entire cause of action was disposed of and the controversy first became appealable. However, neither party has appealed since that final judgment was filed.
 
 
 5
 Accordingly, we are without jurisdiction to hear this appeal. We suggest a possible remedy of the parties, if they wish to pursue the matter, is by motion under Rule 60(b) of the Federal Rules of Civil Procedure.
 
 
 6
 In accordance with the foregoing, the appeal herein is
 
 
 7
 DISMISSED.